IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARSHALL C. BROWN, | § | |
| | § | No. 282, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1505023582A(N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 7, 2018
Decided: March 13, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

# **O R D E R**

This 13th day of March, 2018, having considered the parties' briefs and the record below, it appears to the Court that:

(1)    A New Castle County grand jury indicted Appellant Marshall Brown on (i) Home Invasion; (ii) two counts of First Degree Assault; (iii) First Degree Burglary; (iv) First Degree Reckless Endangering; (v) three counts of First Degree Robbery; (vi) eight counts of Possession of a Firearm During the Commission of a Felony; (vii) eight counts of Wearing a Disguise During the Commission of a Felony; (viii) Second Degree Conspiracy; (ix) Endangering the Welfare of a Child; and (x) Possession of a Firearm by a Person Prohibited.  Brown's first trial in 2016 ended in a mistrial when the jury was unable to reach a unanimous verdict.  When

Brown was retried in 2017, the jury found Brown guilty of all charges except for Possession of a Firearm by a Person Prohibited. After declaring Brown a habitual offender, the Superior Court sentenced Brown to life imprisonment plus 388 years.

(2) In this appeal, Marshall Brown raises a single issue: whether the observation of Brown by two witnesses at his first trial was the equivalent of an impermissibly suggestive pretrial identification procedure. Brown claims that it was and that, therefore, his due-process rights were violated when the two witnesses were permitted to offer identification testimony at his second trial.

(3) At the first trial, the State admitted the two witnesses' prior out-of-court identifications, but did not ask them to identify Brown in court. At the beginning of the third day of trial, after the witnesses testified, the State requested the court to lift its sequestration order so that the witnesses could observe the balance of the trial. Defense counsel did not object, and the Superior Court granted the request. Brown claims that the witnesses' "observing him extensively at the first trial [after they testified] was analogous to [an] unduly suggestive pretrial show-up identification,"[1] requiring exclusion of courtroom identification by the witness at the second trial.

(4) Brown raised the issue below by way of a motion in limine to preclude the witnesses from identifying him in court at his second trial. After a hearing at

---

[1] Appellant's Opening Br. 10.

which both witnesses testified, the Superior Court denied the motion and allowed both witnesses to provide identification testimony at trial.

(5) We review a denial of a motion to exclude evidence after an evidentiary hearing for abuse of discretion.[2] Our review of the identification procedure for compliance with the Constitution is *de novo*.[3]

(6) Because the "primary aim of excluding identification evidence obtained under unnecessarily suggestive circumstances is to deter law enforcement use of improper procedures,"[4] and the police did not intentionally orchestrate the witnesses' observation of Brown at the first trial to procure an identification, the Superior Court correctly concluded that no constitutional violation occurred. Moreover, after hearing the witnesses' testimony during a pretrial hearing, the Superior Court thoughtfully balanced the probative value of the testimony against the danger of unfair prejudice under D.R.E. 403. Under the circumstances, allowing the challenged testimony was not an abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Gary F. Traynor
Justice

---

[2] *Culver v. State*, 956 A.2d 5, 10 (Del. 2008).
[3] *See id.*
[4] *Perry v. New Hampshire*, 565 U.S. 228, 241 (2012).

3